R. L. McBee, Adm'r, v. W. M. Bearden, Adm'r, et al.

7L 731
4pi 49

SUATUTE OF LIMITATIONS. *Surety and principal. Voluntary conveyance -- Adverse possession.* The right of action of a surety to set aside a voluntary conveyance of land by his principal, which has never been registered, commences when adverse possession is taken under the assurance of title purporting to convey an estate in fee, and will be barred by seven years' adverse possession.

FROM KNOX.

Appeal from the Chancery Court at Knoxville. W. B. STALEY, Ch.

L. TILLMAN, JR., and HENDERSON & JOUROLMON. for McBee.

W. P. WASHBURN and L. A. GRATZ for Bearden.

COOPER, J., delivered the opinion of the court.

On April 6, 1863, H. M. Bearden, as principal, and Jno. Williams, as his surety, executed their promissory note to John W. Morgan, at one day, for $1,200. In September, 1863, H. M. Bearden, for love and affection, conveyed his interest, being an undivided fourth, in a small tract of land near Knoxville, to Elizabeth T. Bearden, his sister, now the wife of L. A. Gratz, she being entitled to another undivided fourth of the land in her own rigth. The conveyance has

never been registered. In October, 1866, the sister went into possession of the land, and has since remained in the continuous and undisturbed possession thereof. On the 6th of April, 1868, a partition of the land was had by order of court, and one-half of the tract allotted to the sister by metes and bounds. On June 13, 1864, H. M. Bearden died intestate, and, on July 7, 1871, W. M. Bearden was appointed and qualified as administrator of his estate; and has exhausted the personal assets in due course of administration. John W. Morgan having also died intestate, R. L. McBee was in April, 1868, appointed and qualified as administrator of his estate. On the 31st of October, 1872, McBee, as administrator, brought suit at law against John Williams on the promissory note mentioned, and, on June 9, 1874, recovered judgment thereon against Williams. On the same day, Williams, on motion, recovered judgment over against W. M. Bearden, as administrator of H. M. Bearden, deceased, for the amount of the recovery by McBee against him. On the 19th of September, 1874, Williams assigned to McBee the judgment by motion thus taken by him against Bearden, in consideration of the satisfaction of the judgment of McBee against him, Williams, and, on the same day, in consideration of this transfer, McBee entered satisfaction of his judgment on the execution docket of the court. On August 18, 1875, this bill was filed by McBee, upon a return of *nulla bona* on an execution issued upon the transferred judgment, and upon a statement of the foregoing facts, to subject the one-fourth share of the land of Mrs. Gratz,

acquired by the voluntary conveyance from her brother, to the satisfaction of the judgment.    On final hearing,. the chancellor granted the complainant the relief sought,. having previously, upon a cross-bill by W. M. Bearden, as administrator, scaled the judgment to the value of Confederate money, for which the original note was executed.    Gratz and wife alone appealed.

It will be seen from the above statement of facts that the defendant Elizabeth T. Bearden, now Gratz, had been in the continuous adverse possession of the land in controversy for more than seven years before the filing of this bill, both under a deed purporting to convey an estate in fee, and under the decree for partition.    Such possession for seven years under either of these asurances of title would, by the very terms of the statute, vest her with a good and indefeasible title in fee to the land as against all persons whose right of action accrued more than seven years before suit brought: Code, sec. 2763; *Duncan* v. *Gibbs,* 1 Yer., 256.    It is not necessary that the assurance of title should be registered, in order that the statute may run: *Stewart* v. *Harris,* 2 Swan, 656; *Jones* v. *Perry,* 10 Yer., 81; *Mulloy* v. *Paul,* 2 Tenn. Ch., 158. The statute, it is true, does not begin to run in favor of a fraudulent or voluntary possession until the creditor to be affected by the fraudulent or voluntary conveyance has a right of action to test the validity of the conveyance: Code, sec. 4293.    But inasmuch as every creditor may, without first having obtained a judgment at law, file his bill in chancery to set aside fraudulent conveyances, and subject the property to the

McBee *v.* Bearden.

satisfaction of his debt (Code, sec. 4288), it is clear that the complainant, if his suit be considered as based on his original right of action, would be barred: *Ramsey* v. *Quillen*, 5 Lea, 184. It is contended, however, that he is suing on the right of action of John Williams, the surety, and that his right of action only dates from the recovery of his judgment by motion against his principal, which judgment was assigned by him to the complainant, and constitutes the basis of this suit. But by the Code, sec. 3457, any accommodation endorser, or surety may sue out an attachment against the property of his principal, who has fraudulently diiposed of his property, as a security for his liability, whether the debt on which he is bound be due or not. The present suit can only be maintained upon the ground that the voluntary conveyance by the principal debtor to his sister was made under such circumstances as to have been, at the time, a fraudulent disposition of the property as against the creditors of the principal, and the right of action accrued as soon as the conveyance was made. The bar of the statute of limitations had, therefore, attached before the filing of the present bill.

The chancellor's decree, so far as it subjects the land in controversy to the satisfaction of the complainant's debt, must be reversed, and the bill dismissed with costs.